UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ALBERT WILLIS,<br><br>    Petitioner,<br><br>  v.<br><br>A. P. KANE, warden,<br><br>    Respondent.<br>_____/ | No. C 05-3153 MHP (pr)<br><br>**ORDER DENYING APPLICATION FOR STAY PENDING APPEAL AND GRANTING TEMPORARY 5-DAY STAY** |

     Respondent has applied for a stay of the court's April 26, 2007 Order Granting Habeas Petition pending appeal. The application was made under Federal Rule of Appellate Procedure 23, which provides: "Pending review of a decision ordering the release of a prisoner in such a [habeas] proceeding, the prisoner shall be enlarged upon the prisoner's recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order." Fed. R. App. P. 23(c). Although Rule 23(c) gives the court broad discretion to consider whether to stay the release, it also creates a presumption of release of the prisoner unless the court otherwise orders. Hilton v. Braunskill, 481 U.S. 770, 774 (1987). Factors to consider in determining whether to issue a stay of release are generally the same as those governing stays of civil judgments: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776. The court also must be mindful that a habeas case has unique considerations because it

springs from a state court's criminal conviction and may involve the abrupt release of a prisoner from custody.

The difficulty here is that the court did not actually order petitioner's release but only that the parole authority set a release date. The court explained:

> Having decided that the petition will be granted, the next issue concerns the proper remedy. Because Willis has never been found suitable for parole, the BPH has never moved past the suitability-finding function in California Penal Code § 3041(b) to calculate a term and set a release date as required by § 3041(a). It is now time to do so. Within thirty days of the date of this order, the BPH must calculate a term for Willis and set a date for his release in accordance with the requirements of California Penal Code § 3041(a). <u>This does not necessarily mean that the release date must occur within thirty days of the date of this order</u>, but rather that the [BPH] must act within that time limit. Within forty days of the date of this order, respondent must file a notice with the court identifying the date set for Willis' release.

Order Granting Habeas Petition, p. 15 (emphasis added). Respondent's motion is premised largely on the alleged irreparable injury and danger to public safety that will occur if petitioner is released from custody. However, petitioner will be released only if the BPH sets a release date and if that release date has already passed, e.g., if the BPH determines that the petitioner should have been released months or years ago. Federal Rule of Appellate Procedure 23 does not appear to apply, as this court issued neither a decision "not to release a prisoner," <u>see</u> Fed. R. App. P. 23(b), nor a decision "ordering the release of a prisoner," <u>see</u> Fed. R. App. P. 23(c). Respondent's filing of a notice of appeal ended this court's jurisdiction to modify or supersede the order being appealed to make it fit within Rule 23.

Although the court denies the application for a stay pending appeal, it grants a temporary stay of the April 26, 2007 Order Granting Habeas Petition, such stay to last until <u>five days</u> from the date of this order so that respondent may file in the Ninth Circuit an application for a Rule 23 stay or any other application for interim relief pending the appeal. <u>See</u> 9th Cir. R. 27-2.

IT IS SO ORDERED.

DATED: May 17, 2007

Marilyn Hall Patel
United States District Judge

2